UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 CV 7632 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| Eric Curtis, | ) | |
| | ) | |
| Defendant. | ) | |

# Memorandum Opinion and Order

A jury convicted Petitioner Eric Curtis of several federal crimes stemming from his involvement in multiple armed robberies of cell-phone stores in the Chicagoland area. Curtis filed a post-conviction petition under 28 U.S.C. § 2255. In this petition, Curtis argues ten separate grounds for relief. In summary, he asserts that he received ineffective assistance of counsel from his appellate attorney, Supreme Court precedent invalidates his three convictions under 18 U.S.C. § 924(c), the Court did not properly instruct the jury regarding his charges, and he was prejudiced by not being provided with a complete copy of the trial transcripts to file his section 2255 motion. Curtis also filed a motion for leave to amend, arguing that the recent Supreme Court case *United States v. Taylor*, 142 S. Ct. 2015 (2022), requires the Court to set aside certain portions of his conviction. For the reasons below, the Court denies Curtis's petition [1], motion for leave to amend [43], motion for evidentiary hearing [42], motions requesting appointment of counsel [38] [35], and motions for leave of court [24] [37].

# Background

## I. Criminal Case

Curtis was the leader of a group that robbed five cell-phone stores located in suburban Chicago. He was arrested following the last of these robberies and indicted on several charges: four counts for Hobbs Act robbery, four counts for aiding in the brandishing of a firearm in relation to a crime of violence, one count for conspiracy, and one count for being a felon in possession of a firearm. Curtis proceeded to a jury trial on April 25, 2016, in case no. 13 CR 952-2. The jury convicted him on one count of conspiracy to commit robbery in violation of 18 U.S.C. §1951(a), three counts of Hobbs Act robbery in violation of 18 U.S.C. §1951(a), three counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The predicate crimes of violence for the section 924(c) charges were the Hobbs Act robberies that the jury convicted Curtis of (counts 4, 7, and 11 of the superseding indictment). The jury acquitted Curtis on two counts relating to a robbery of a store in Joliet: one count for robbery and one count for aiding in the brandishing of a firearm.

On direct appeal, Curtis challenged the government's use of cell-site information, obtained without a warrant, and certain limitations imposed by the district court on his ability to cross-examine witnesses. The Seventh Circuit affirmed his conviction. *See United States v. Curtis*, 901 Fed. 3d. 846 (7th Cir. 2018).

## II. Post-Conviction Litigation

After his appeal, Curtis filed numerous post-conviction petitions. He initiated the present case when he filed a petition under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. [1]. In another civil case (case no. 19-cv-57), Curtis filed a petition, also under 28 U.S.C. § 2255,

to vacate, correct, or set-aside his sentence. He later filed a motion to withdraw in the 19-cv-57 case, but before the Court ruled on that motion, Curtis filed his petition for collateral review in the present case. Then, in 19-cv-57, Curtis filed a motion for leave to amend his petition.

At that point, realizing that Curtis filed two separate civil cases regarding the same matter, the Court entered an order terminating case no. 19-cv-57 and directing the Clerk of Court to refile Curtis's amended petition on the docket in this case. For some reason, the Clerk's office did not file the amended petition on the docket for this case. But the government, aware of these separate cases, correctly filed their response to the amended petition on the docket, treating Curtis's amended petition as if it had been correctly refiled. Accordingly, the Court addresses Curtis's petition in this case only, case no. 19-cv-7632.

In his section 2255 motion, Curtis asserts ten separate grounds for relief. Ground one argues that he received ineffective counsel from his appellate attorney. Grounds two through eight broadly argue that his section 924(c) convictions cannot stand considering recent Supreme Court decisions holding that section 924(c)'s residual clause is unconstitutionally vague. Ground nine argues that Curtis's section 922(g) conviction is improper in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Ground ten argues that Curtis was prejudiced by his attorney's failure to provide him with copies of the trial and sentencing transcripts for purposes of filing his section 2255 motion. Finally, Curtis's motion for leave to amend seeks to add an argument that the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), further invalidates his section 924(c) convictions.

## Legal Standard

A federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" "upon the ground that the sentence was imposed in violation of the

Constitution or laws of the United States." 28 U.S.C. § 2255(a). After a prisoner files such an action, the Court may then "grant a prompt hearing thereon, determine the issues and make finding of facts and conclusions of law with respect thereto." 28 U.S.C § 2255(b). A district court is not required, however, to grant an evidentiary hearing in all section 2255 cases. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). A section 2255 motion asks a court to grant an "extraordinary remedy for one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). It follows that a district court must ensure that "a threshold showing has been made that justifies the commitment of judicial resources necessary to accomplish this delicate and demanding task." *Id.* If "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief", a hearing is not required. 28 U.S.C. § 2255(b); *see also Martin*, 789 F.3d at 706. On the other hand, if the petitioner alleges facts that, if proven, would entitle him to relief, the court must grant an evidentiary hearing. *Martin*, 789 F.3d at 706.

## Discussion

I.    **Ground 1: Ineffective Assistance of Counsel**

Curtis first argues that his appellate attorney rendered ineffective counsel because his attorney made no effort to file a motion for rehearing *en banc* or a petition for writ of certiorari after the Seventh Circuit affirmed his conviction. Additionally, Curtis notes that his counsel made no effort to contact him or his family members and did not file a motion to withdraw as counsel. The government argues, in response, that defense counsel consulted with Curtis prior to any deadlines to file and advised him that, based on his analysis of the Seventh Circuit's opinion, it would not be a good use of resources to file a motion for rehearing *en banc* or to file a certiorari petition. Additionally, the government argues that counsel's decision not to file a

4

petition for rehearing *en banc* or for writ of certiorari was well within a reasonable attorney's discretion.

To prevail on a claim of ineffective counsel, Curtis must show: (i) that counsel's representation was "deficient" and (ii) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Counsel's performance is deficient when it falls "below an objective standard of reasonableness." *Id.* at 688. When considering whether counsel acted deficiently, a court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland,* 466 U.S. at 689).

Because the Court can decide Curtis's motion on *Strickland*'s prejudice prong, it need not address in depth whether counsel's performance was deficient. *See, e.g.*, *Thill v. Richardson*, 996 F.3d 469, 476 (7th Cir. 2021) (declining to address deficient performance because the state court did not unreasonably apply the prejudice prong). To show prejudice, Curtis must demonstrate " a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Strickland,* 466 U.S. at 694; *see also Harrington*, 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable.").

The Court agrees with the government that even if Curtis could establish that counsel's advice fell below an objectively reasonable standard, he cannot establish prejudice because a unanimous Seventh Circuit panel affirmed his convictions based on well-settled precedent, without any sign of any uncertainty about the outcome that would make a court likely to grant a petition for rehearing *en banc* or a writ of certiorari. As the Seventh Circuit noted in its review of Curtis's direct appeal, "[t]he centerpiece of the case against Curtis was the CSLI data placing him near four of the robberies, coupled with call logs exhibiting that Curtis was in

communication with admitted participants during each offense." *United States v. Curtis*, 901 F.3d 846, 850 (7th Cir. 2018). Thus, even if Curtis's counsel filed petitions for a hearing *en banc* or writ of certiorari, the Court finds it unlikely either would have been granted because the evidence against him was overwhelming. *See, e.g.*, *Thompson v. Vanihel*, 998 F.3d 762, 768 (7th Cir. 2021) (affirming the dismissal of a petitioner's post-conviction petition alleging ineffective assistance of counsel because the evidence against petitioner was "overwhelming"). Therefore, because Curtis fails to show prejudice under the *Strickland* test, the Court denies his petition with respect to ground one. Additionally, the Court declines to order defense counsel to submit an affidavit and denies Curtis's motion for leave of court [24], which requests that the Court order counsel to submit an affidavit and hold this case in abeyance until he does so.

**II.      Grounds Two – Eight: Validity of Curtis's § 924(c) Convictions**

Next, in grounds two through eight, Curtis challenges the validity of his section 924(c) convictions. Section 924(c) of Title 18 of the United States Code imposes a mandatory minimum for any person who "during and in relation to any crime of violence" uses or carries a firearm. 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first prong of the definition, set forth in subsection (A), is known as the "elements clause"; the second prong, set forth in subsection (B), is known as the "residual clause."

A jury convicted Curtis under this statute on the ground that Hobbs Act robbery (the subject of counts 4, 7, and 11 of the superseding indictment) constitutes a crime of violence.

6

Curtis argues that his section 924(c) convictions cannot stand because Hobbs Act robbery is not categorically a crime of violence. To support his claim, Curtis cites multiple Supreme Court cases: *Johnson v. United States*, 576 U.S. 591 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis,* 139 S. Ct. 2319 (2019), and *Mathis v. United States*, 579 U.S. 500 (2016).

### A. Crime of Violence

To be sure, portions of several statutes like § 924(c), and even a portion of § 924(c) itself, defining a "crime of violence" have been struck down in recent years. *See Johnson*, 576 U.S. at 597 (striking down § 924(e)(2)(B), the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," as unconstitutionally vague); *Davis*, 139 S. Ct. at 2336 (striking down § 924(c)(3)(B), the above-quoted residual clause, as unconstitutionally vague); *see generally Mathis*, 579 U.S. at 510-12 (2016) (explaining that an "elements-only" inquiry is the law when analyzing whether a conviction can count as an ACCA predicate); *see also Sessions*, 138 S. Ct. at 1223 (striking down a residual clause in 18 U.S.C. § 16, which provided a definition for a "crime of violence" in the context of the Immigration and Naturalization Act). Curtis uses these cases to argue that his convictions under 18 U.S.C. § 1951(a) cannot qualify as "crimes of violence" to support the three related § 924(c) convictions. As noted above, the Supreme Court ruled that § 924(c)(3)(B) (the residual clause) is unconstitutional. *Davis*, 139 S. Ct. at 2336. The elements clause (§ 924(c)(3)(A)), however, remains intact. *Id*. at 2325. As a result, Curtis's § 924(c) convictions can stand if his three convictions under 18 U.S.C. §1951(a) satisfy the requirements set forth in the elements clause, 18 U.S.C. § 924(c)(3)(A).

The elements clause defines "crime of violence" as "an offense that is a felony" and "has as an element the use, attempted use, or threatened use of physical force against the person or

property of another." *Davis*, 139 S. Ct. at 2324. When determining whether Curtis's section 1951(a) convictions qualify as crimes of violence under the elements clause, the inquiry depends only on the statutory elements of section 1951(a) rather than the specific facts underlying his conviction. *See Haynes v. United States*, 936 F.3d 683, 687 (7th Cir. 2019).

The Hobbs Act defines robbery as taking or obtaining property from another "by means of actual or threatened force, violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. 1951(a). Seventh Circuit precedent makes clear that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (citing 18 U.S.C. § 924(c)(3)(A)), *cert. granted, judgment vacated on other grounds*, – U.S. –, 138 S. Ct. 126, 199 L.Ed.2d 1 (2017)).; *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) ("Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualifies as a predicate for a crime of violence conviction"). Most recently, the Seventh Circuit advised that, given the extensive precedent on this issue, "arguments that Hobbs Act robbery is not a crime of violence are, in fact, 'frivolous.'" *United States v. McHaney*, 1 F.4th 489, 492 (7th Cir. 2021). Therefore, because Curtis's section 1951(a) convictions qualify as crimes of violence under section 924(c)(3)(A), the Court denies Curtis's petition with respect to grounds two through eight.

### B. Jury Instructions

Next, Curtis raises two concerns about how the Court instructed the jury regarding his § 924(c) convictions. First, in ground two, Curtis argues that because the Court instructed the jury that they could find him guilty under an aiding and abetting theory, his § 924(c) convictions cannot stand. The Seventh Circuit explains, however, that aiding and abetting a crime of violence qualifies as a crime of violence under section 924(c)(3)(a)'s elements clause. *See United States v.*

8

*Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019). Therefore, the fact that the instructions told the jury that they could find Curtis guilty of Hobbs Act robbery under an aiding and abetting theory of liability does not invalidate his convictions, as aiding and abetting a Hobbs Act robbery is a crime of violence for section 924(c) purposes. *See, e.g.*, *United States v. Brown,* 973 F.3d 667, 697 (7th Cir. 2020).

Second, in ground five, Curtis argues that 18 U.S.C. § 2, and the related jury instructions, are too vague to support his § 924(c) convictions. His concern seems to stem from the instruction given by the Court based on *Pinkerton v. United States*, 328 U.S. 640 (1946). The record clearly indicates, however, that the § 924(c) counts were predicated on the substantive Hobbs Act robbery counts. The *Pinkerton* instruction did not allow the jury to use conspiracy as the section 924(c) predicate offense. Rather, the Court instructed the jury that they were required to find Curtis guilty of the substantive Hobbs Act robbery counts to support the section 924(c) convictions. For those reasons, Curtis's arguments regarding the jury instructions are meritless.

### C. Sentencing

In grounds six and seven, Curtis challenges his sentencing with respect to the § 924 convictions. Curtis argues that his convictions should be overturned because of ambiguity in the law regarding how a court should treat multiple convictions that stem from the same indictment and proceedings after a jury trial for sentencing purposes. The government interprets these claims as a challenge to imposing consecutive sentences for the three § 924(c) convictions.

The jury convicted Curtis on three counts under § 924(c). At that time, § 924(c) carried a mandatory minimum of 25 years for every "second or subsequent" § 924(c) conviction a defendant received. All that mattered at the time of sentencing in 2017 was that the jury convicted him of three § 924(c) counts, two of which were deemed after the first. *United States*

9

*v. Cardena*, 842 F.3d 959, 1000 (7th Cir. 2016) ("there is no requirement of separate indictments"); *United States v. Luney*, 17 F. App'x 424 (7th Cir. 2001).

Curtis correctly notes that the law recently changed as to what will trigger the 25-year minimum. In 2018, Congress, through the First Step Act, changed the law so that only a second section 924(c) violation, committed after a prior section 924(c) conviction becomes final, will trigger the 25-year minimum. *Davis*, 139 S. Ct. at 2324 n.1 (citing Pub. L. 115-391, § 403(a), 132 Stat. 5221). The First Step Act does not, however, apply retroactively. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5221–22.

Thus, there was no error in how the Court sentenced Curtis in 2017, as the sentence imposed followed the requirements set forth in § 924(c) at the time. *See generally Dean v. United States*, 581 U.S. 62, 137 S. Ct. 1170, 1177 (2017) ("a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum"). Accordingly, the Court denies Curtis's petition with respect to grounds two through eight.

### III. Ground Nine: Curtis's § 922(g) Conviction

Next, Curtis asserts that his 18 § U.S.C. 922(g) conviction cannot stand under the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held "in a prosecution under 18 USC § 922(g), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Curtis argues that the government failed to prove either: (i) that he was a member of a prohibited class under section 922(g) or (ii) that he knew that he could not possess a firearm when he previously became a convicted felon.

10

Cases following the *Rehaif* decision make it clear that the Court can consider evidence in the record to determine whether the knowledge element was established. *See Minney v. Werlich*, No. 19-CV-01076-SPM, 2021 WL 2041064, at *2 (S.D. Ill. May 21, 2021). If the Court determines that the record indicates that the knowledge element is met, then the conviction will stand, even if the indictment or jury instructions omitted the knowledge element. *See e.g.*, *United States v. Pulliam,* 973 F.3d 775, 781 (7th Cir. 2020) ("if overwhelming evidence presented to the jury proves the omitted element, we can conclude that the omitted instruction did not impact the verdict and therefore did not affect the defendant's substantial rights"). As the government points out, Curtis stipulated to the fact that he had a prior felony conviction at trial. He also testified at trial that he had previously been convicted of five separate felony offenses. Finally, Curtis never objected to the facts set forth in his Presentencing Report, which reflect that he had at least three prior felony convictions for which he served lengthy terms of imprisonment. The evidence, therefore, shows that Curtis knew about his felon status at the time he possessed a firearm in this case.

Moreover, the Court finds that Curtis's lack-of-awareness argument is meritless. *Rehaif* discussed "the well-known maxim that 'ignorance of the law' (or a mistake of law') is no excuse[,]" which makes clear that section 922(g) requires only knowledge of defendant's status, rather than the section 922(g) prohibition itself. *United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2198). Because the record shows that Curtis knew about his felon status at the time he possessed a firearm, it is irrelevant whether he was aware that section 922(g) specifically restricted his ability to possess a firearm.

The government also argues that Curtis procedurally defaulted his *Rehaif* claim because he never raised these issues at any point during his criminal proceeding. Because the Court

11

addresses these issues on the merits, it declines to address whether Curtis's arguments regarding his section 922(g) conviction are procedurally defaulted. Accordingly, the Court denies Curtis's petition with respect to ground nine.

### IV.     Ground Ten: Denial of Transcripts

In ground ten, Curtis requests that this court take judicial notice that he was hindered in his ability to effectively challenge his conviction and sentence under 28 U.S.C. § 2255 because he never received transcripts relating to his case. Defendants do not have a constitutional right to a copy of any documents in their court files. *See United States v. Conway*, No. 14-cv-40048-JPG-02, 2021 U.S. Dist. LEXIS 49904, at *1 (S.D. Ill. Mar. 17, 2021) (citing *United States v. Groce*, 838 F. Supp. 411 (E.D. Wis. 1993)). All trial and sentencing transcripts for Curtis's case remained publicly available on the docket. And nothing in the record shows that Curtis was prevented from obtaining his transcripts. *See Montgomery v. Meloy,* 90 F.3d 1200, 1204 (7th Cir. 1996) (rejecting petitioner's argument that he was wrongfully denied access to his trial transcripts). Because he was not improperly denied access to his trial and sentencing transcripts, the Court denies Curtis's petition with respect to ground ten.

### V.     Motion for Leave to Amend

Before the Court can reach the merits of Curtis's motion for leave to amend, it must determine whether it is timely. The statute, 28 U.S.C. § 2255(f), requires that a petitioner file a § 2255 motion within one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, the jury convicted Curtis on May 5, 2016, but the appeals court did not decide his direct appeal until September 17, 2018. When a federal prisoner does not file a petition for certiorari following affirmance of their conviction, "§ 2255's one-year limitation period begins to run when the defendant's time for seeking review by [the Supreme

12

Court] expires." *Clay v. United States*, 537 U.S. 522, 526 (2003). Curtis did not file a petition for writ of certiorari. The time in which he could have done so expired on December 16, 2018, ninety days after the Seventh Circuit's judgment. *Id.* Thus, Curtis had one year from that date to file his § 2255 petition. Curtis filed his original petition on November 18, 2019, within the one-year time limit. The Court allowed Curtis to file an amended complaint, filed on April 8, 2020, even though the claim in that motion was arguably untimely. But Curtis filed his second motion for leave to amend on July 26, 2022, or nearly two years and seven months after the filing deadline passed. An amended § 2255 petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Beason v. Marske*, 926 F.3d 932, 938 (7th Cir. 2019) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Title 28, section 2255(f) of the U.S. code provides for three ways in which the one-year limitations period may begin to run later than the date on which the judgment of conviction becomes final. Section 2255(f)(2) tolls the one-year clock in instances where the government caused some type of impediment to make a motion. Curtis does not mention any government action that prevented him from filing his motion, so section 2255(f)(2) does not apply. Section 2255(f)(4) authorizes tolling if new facts surface supporting the claim or claims. This also does not apply as Curtis raises no new facts.

Instead, Curtis appears to rely on section 2255(f)(3), which provides for tolling where the Supreme Court recognizes a new right and makes it retroactively applicable to cases on collateral review. But reliance on this exception is misplaced. Curtis references the recent Supreme Court case *United States v. Taylor*, 142 S. Ct. 2015 (2022), which holds that attempted Hobbs Act robbery does not qualify under 18 U.S.C. § 924(c)(3)(A) as a predicate for a felony conviction

13

Case: 1:19-cv-07632 Document #: 45 Filed: 10/27/22 Page 14 of 16 PageID #:309

and enhanced sentence for using a firearm in furtherance of a crime of violence. But the government never charged Curtis with attempted Hobbs Act robbery. Rather, Curtis was charged with, and ultimately convicted of, three counts of Hobbs Act robbery. And again, the Seventh Circuit has repeatedly held that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A). *See McHaney*, 1 F.4th at 492.

Curtis centers his argument around the aiding and abetting statute, 18 U.S.C. § 2, presumably because the Court instructed the jury that they could find Curtis guilty under an aiding and abetting theory of liability with respect to the Hobbs Act robbery counts. But Curtis already made what is effectively the same argument in ground two of his amended petition. And again, the Seventh Circuit has held that a person who aids or abets the commission of a crime can be held liable as a principal. *United States v. Newman*, 755 F.3d 543, 545-46 (7th Cir. 2014). In other words, aiding and abetting is a theory of liability, not a separate offense. *United States v. Thomas*, Case No. 19-cr-564-2, 2021 WL 698496, at *3 (N.D. Ill. Feb. 22, 2021). Thus, even if Curtis only aided and abetted a completed Hobbs Act robbery, that is enough to constitute a crime of violence under the elements clause because a completed Hobbs Act robbery requires the government to prove the taking of personal property "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Nothing about *Taylor* changed the status of the law as it relates to the aiding and abetting statute and a completed Hobbs Act robbery. *See, e.g.*, *United States v. Feliciano-Estremera*, Case No. 22-182, 2021 WL 4357235, at *3 (D.N.J. Sept. 20, 2022). Accordingly, *Taylor* does not apply to this case and the Court denies the motion for leave to amend.

14

### VI.     Motion for Attorney Representation

Generally, civil litigants do not have an inherent right to counsel. *Smith v. Cooper*, 83 F. App'x 837, 839 (7th Cir. 2003). The district court has broad discretion when deciding whether to appoint counsel in any civil proceeding. *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003). In the context of litigants seeking collateral relief, due process does not require the appointment of counsel. *Ambrose v. Evans*, No. 10-172-GPM, 2010 WL 3765353, at *1 (S.D. Ill. Sep. 17, 2010); *see Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Thus, the Court need not appoint counsel in post-conviction collateral proceedings, as no constitutional or statutory right exists in such proceedings. *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996) (affirming the district court's refusal to appoint counsel in post-conviction proceeding).

The Court may appoint counsel to a litigant seeking collateral relief if, given the case's difficulty and the litigant's abilities, the litigant cannot "obtain justice" without a lawyer, cannot find their own lawyer, and would have a reasonable chance of winning with a lawyer. *Dellenbach*, 76 F.3d at 823. Again, however, the Court retains discretion when deciding whether to appoint counsel to any civil litigant, including those seeking collateral relief from a criminal conviction. *See Blake v. Hardy*, No. 10-238-GPM, 2010 WL 3761912, at *1 (S.D. Ill. Sep. 17, 2010) (denying petitioner's motion for appointment of counsel in post-conviction proceeding); *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

The Court finds that Curtis adequately states the bases in support of his petition. A petition under § 2255 need only set forth, in summary form, the facts that support each ground for relief. *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). Curtis does at least this much. The Court, therefore, denies Curtis's request for an appointed attorney.

Because the Court concludes that petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. Rule 11(a) of the Rules for Section 2255 Proceedings provides that a party "may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

## Conclusion

For the reasons stated above, the Court denies Curtis' petition [1], motion for leave to amend [43], motions requesting appointment of counsel [38] [35], and motions for leave of court [24] [37]. When "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is necessary. 28 U.S.C. § 2255. The record before the Court clearly shows that Curtis is not entitled to relief. The Court declines to issue a certificate of appealability. Accordingly, the Court finds that a hearing is not necessary and denies Curtis's motion for an evidentiary hearing [42]. Civil case terminated.

**SO ORDERED.**                                             ENTERED: October 27, 2022

                                                            _____
                                                            **HON. JORGE ALONSO**
                                                            **United States District Judge**